27 C.C.P.A. (Patents)

### In re HOLMES.
### Patent Appeals No. 4329.

Court of Customs and Patent Appeals.
June 24, 1940.

LENROOT, Associate Judge, dissenting.

———◆———

Stephen Cerstvik, of Bendix, N. J., and N. D. Parker, Jr., of Washington, D. C., for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 1 to 4, inclusive, and No. 23, in appellant's application for a patent for alleged invention relating to top reading magnetic compasses adapted for use on aircraft.

Claim 1 is illustrative of the claims before us and reads as follows: "1. In a compass, a cover glass having a reference line adjacent thereto, an index pointer, a spindle carrying said pointer and mounted to rotate about an axis substantially at right angles to the plane of said cover glass, and a magnet system connected to said spindle through a universal mounting to rotate said pointer so that said magnet system can tip without affecting the axial position of said spindle whereby said pointer remains in a plane parallel to the reference line."

The references relied upon are: Ritchie, Re. 6,827, December 28, 1875; Hope (German), 74,273, April 7, 1894; Neufeldt et al. (German), 232,836, March 23, 1911; Kraemer, 1,035,973, August 20, 1912; Andrews, 1,338,666, May 4, 1920; Escallier, 1,701,034, February 5, 1929; Field et al. (British), 339,768, December 18, 1930; Staig (British), 437,062, October 23, 1935; Johnson (British), 442,817, February 17, 1936; West, 2,060,766, November 10, 1936.

The alleged invention relates to a type of compass known to the art as the "grid steering type." This type of compass is conceded to be old in the art. Appellant claims novelty in his device for the stated reasons that he discloses an index pointer and grid lines which always lie in parallel planes; that the pointer is parallel at all times to the glass top of the device and that the compass is readable from above or within any angle less than ninety degrees without causing errors in the reading owing to parallax.

The Primary Examiner described in detail the structure of the device in issue, which is rather conventional, having a base and casing, a compass bowl with a ring gear attached meshing with a pinion on a shaft which is rotatably carried by the casing. By a thumb piece the bowl which has attached to it an azimuth scale may be rotated to set any course which the navigator desires to steer. The glass top of the device has two parallel lines on its under side called in the art "grid lines." By the arrangement of the parts of the device the float and magnets remain in a horizontal plane even should the device dip, and the pointer although controlled in azimuth lines by the magnets remains at all times parallel to the glass top and the grid lines.

The examiner rejected all of the claims with the exception of claim 3 upon one or another of the references combined with the Neufeldt et al. patent. He rejected claim 3 as not involving invention over the Neufeldt et al. patent alone and in this respect stated: "Claim 3 is rejected as not involving invention over Neufeldt alone.

In the reference, the lubbers mark, unnumbered but shown immediately to the right of card 27, is a 'reference line'. Furthermore, it will be understood that in all the references, the casings are filled with liquid. This claim seeks to differentiate from Neufeldt by stating that the float has 'substantially the diameter of said bowl.' While it is generally considered desirable to have substantial clearance between float and bowl to prevent surging of the liquid from affecting the float, it is believed that the most desirable relative diameters of casing and float in Neufeldt are a matter of choice, or experiment. In any event, the feature is shown at Fig. 2, Ritchie, where there is only slight clearance between float E and the adjacent casing."

The examiner further rejected claim 23 as not warranted by the disclosure, stating: " * * * This claim is not warranted by the disclosure, for it is clear that observation of pointer 21 is not possible at angles of beyond approximately 60° from the vertical. The reference to '90°' is much more nearly correct of Neufeldt's compass than of applicant's."

The examiner also stated that appellant has merely selected two features from the prior art and, without effecting any new result over the mere aggregative results of the assemblage, combined them in a single instrument.

It is not necessary to describe the references except to state that they all disclose compasses of either the grid or card type. The grid types disclosed, with the exception of the specification in the Field at al. patent, do not show any absence of parallax except where the carrying craft is on even keel. The Neufeldt patent shows the ordinary revolving card type compass, which, however, is free from dipping when the carrying craft is off an even keel.

The Board of Appeals, while it generally affirmed the decision of the examiner, referred chiefly to the Neufeldt et al. and Field et al. patents, the latter being for a compass of the grid type. The board stated in its decision as follows:

"It is common in this art to provide compasses with pointers and to provide the cover glass of a compass with reference lines with respect to which the pointer may be oriented, the cover glass being adjustable for ease in establishing a definite course. The British patent to Field et al. is an example of such a device. In this patent the compass bowl is mounted on gimbals and while the pointer itself is capable of tilting with respect to the cover glass, the normal position of the same would be in parallelism thereto, just as in appellant's device. Provision is made for damping the oscillations of the compass bowl on its gimbal mountings to insure a high degree of stability of the pointer.

"The German patent to Neufeldt et al. shows a construction similar to that here claimed except that the indicating element of the compass if of the form of a compass card which is to be read with reference to a fixed indicator rather than a pointer which is to be read with respect to movable reference lines. We agree with the examiner that the substitution of indicating means such as shown by Field et al., for instance, for the indicating means employed by Neufeldt et al. is not a matter of invention."

There can be no question but that a non-tilting compass card as shown in the Neufeldt et al. patent is old in the art, as well as the grid steering type of compass. Furthermore there can be no question but that the grid steering element of the Field et al. patent in combination with the non-tilting means disclosed in the Neufeldt et al. patent would form a device similar in all substantial respects to that shown in appellant's application.

The sole question for decision here is whether or not it would involve invention, in view of the prior art, to combine the feature of pointer grid steering with the non-tilting card steering type of compass.

Clearly no reference cited is sufficient in itself to constitute prior art over the rejected claims, with the possible exception that the Neufeldt et al. patent alone may be considered prior art with respect to claim 3.

In the Field et al. patent absence of parallax errors is claimed. In the specification it is stated as follows: "In operation, to set his course, the steersman turns the ring 6 until the marking on the scale 8 representing the desired course coincides with the lubber point, the ring 6 being then locked in this position. The steersman now manoeuvres the craft until the N. point on the scale 8 coincides with the N. point of the moving system. By keeping the indicators 3 of the moving system marked N., and S., in parallelism with the grid wires 9, the course to be steered is maintained with ease and accuracy. It is not necessary for the steersman to look down vertically upon

the compass or even to be directly behind it; he may be in any position to one side or the other of the compass, lack of parallelism being equally conspicuous from any view point."

This description, we think, as was stated by the examiner, could be used, with suitable change of reference characters, to describe the operation of the device of appellant.

We are of opinion from a careful examination of the record that to build a compass such as is shown here would not involve the exercise of the inventive faculty. A non-tilting mounting is clearly shown in the Neufeldt et al. patent, and the mechanism of Field et al. discloses the grid type. The fact that the devices of the two references would have to be modified in order to meet appellant's claims would not of itself mean that invention would be involved in the modification. In re Thornbery et al., 103 F.2d 387, 26 C.C.P.A., Patents, 1160.

Although there is shown here an improved result over any reference cited in the prior art, nevertheless we think it did not involve invention to combine the disclosure of a feature in the Field et al. patent with a feature of the Neufeldt et al. patent.

The decision of the Board of Appeals is affirmed.

Affirmed.

LENROOT, Associate Judge, dissents.